```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
GENARO RUIZ,                        )
                                    )
        Plaintiff,                  )      C.A. No. 16-507 WES
                                    )
    v.                              )
                                    )
                                    )
STATE OF RHODE ISLAND; RHODE ISLAND )
STATE POLICE, CITY OF CENTRAL       )
FALLS, by and through its Director  )
of Finance, Cynthia Dejesus, alias; )
HERBERT D. TILSON, alias, PETER     )
DUHAMEL, alias, DEREK MELFI, alias, )
and CHRIS SCHRAM, alias, each       )
individually and in his official    )
capacity as an officer of the       )
Central Falls Police Department;    )
STEVEN O'DONNELL, alias, in his     )
official capacity as the            )
Superintendent of the Rhode Island  )
State Police and the Commissioner   )
of the Rhode Island Department of   )
Public Safety,                      )
                                    )
        Defendants.                 )
_____)
```

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Genaro Ruiz's Motion for Default Judgment or in the Alternative for an Extension of Time to Effectuate Service (ECF No. 35). Ruiz asks the Court to enter a default judgment against Defendants Herbert D. Tilson, Derek Melfi, and Chris Schram ("Defendants"), in their individual capacities, for failure to respond to the complaint. The Rhode Island Attorney General ("RIAG"), who represents Defendants in

their official capacities as police officers, argues that the motion should be denied because Ruiz failed to serve Defendants in their individual capacities.

Although Ruiz indeed failed to properly serve Defendants in their individual capacities, and has not shown good cause for this failure, the Court exercises its discretion under Federal Rule of Civil Procedure 4(m) to allow Ruiz thirty days from the date of this order to effect proper service of Defendants.

I. Background

Ruiz filed his complaint in this action on September 9, 2016, two days before the statute of limitations was set to expire on his claims.[1] Ruiz subsequently served the complaint on the RIAG. The summons generated by the Court for each of the Defendants was directed to each "[i]individually and in his official capacity as an officer in the Rhode Island State Police." (See, e.g., Tilson Summons, ECF No. 6.) Assistant Attorney General Michael W. Field accepted service on behalf of the Defendants, but noted on the summonses that he was doing so for the Defendants "in [their] official capacity only." (See, e.g., id.)

Ruiz filed the signed summonses on November 15, 2016. Soon thereafter attorneys at the RIAG entered appearances for

---

[1] As the facts underlying Ruiz's complaint do not affect disposition of the question presently at issue, the Court omits them and relates only the material procedural facts.

2

Defendants, but noted, as Mr. Field had, that they did so only in Defendants' respective official capacities. The RIAG attorneys similarly noted the limits of their representation in their answer. For some time, Ruiz seemingly thought nothing of the fact that the RIAG clearly took the position that it represented Defendants in their official capacities only.

Ruiz claims to have first realized that the RIAG's position represented a potential problem for him at a deposition on June 28, 2017, when an RIAG attorney made what Ruiz calls "overt mention" of the RIAG's understanding that it was representing Defendants only in their official capacities. And indeed the RIAG now argues that this problem is far from potential – that because Ruiz failed to properly effect service on Defendants in their individual capacities, not only does the Court lack jurisdiction to enter the default Ruiz requests, but any attempt to rectify this jurisdictional problem by filing a new suit is now barred by the statute of limitations.

II. Discussion

In order for this Court to exercise personal jurisdiction over a defendant, he "must be served in accordance with Fed. R. Civ. P. 4." Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 28 (1st Cir. 1988) ("Actual notice and simply naming the person in the caption of the complaint is insufficient to subject a defendant

to the jurisdiction of [this Court].”). Rule 4(e) states that an individual may be served by any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)(A)-(C).

The Rule also states that service may be effectuated in accordance with the law of the state wherein the federal district is located. Id. at 4(e)(1). But because Rhode Island law does not sanction individual service in ways other than those mentioned above, see Super. R. Civ. P. 4, this part of Rule 4(e) is irrelevant here.

Ruiz argues that by delivering a copy of the relevant summonses to the RIAG, he effected service on Defendants in both their official and individual capacities. Defendants agree that service was thereby effected on them in their official capacities, but not in their individual capacities. And indeed one does not entail the other – which is to say that effecting service on someone in his official capacity does not ipso facto do so in his individual capacity, and vice versa. See Echevarria-Gonzalez, 849 F.2d at 30 ("Failure to serve the [defendant] in his personal capacity . . . did not mean that he . . . was not properly served

4

in an official capacity . . . ."); Robinson v. Turner, 15 F.3d 82, 85 (7th Cir. 1994) ("Service upon an employee in his official capacity does not amount to service in his individual capacity.").

Ruiz concedes that service was not effected pursuant to Rule 4(e)(A) or (B). He argues, however, that the RIAG was an agent authorized by Defendants to receive service for them in their individual capacities. This argument fails: Ruiz has not pointed to law that authorizes the RIAG to accept service for Defendants in their individual capacities. See R.I. Gen. Laws § 9-31-9; 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1098 (4th ed. 2013) ("[S]imply delivering a copy of the papers to the agent . . . is not sufficient when receipt of the papers by the agent is not binding on the person to be served . . . ."). Nor has he asserted facts from which the Court could infer that Defendants appointed the RIAG to do so. See Wright & Miller, supra, § 1097 ("[C]laims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction . . . .").

Therefore, the Court finds that Ruiz has not effected service on Defendants in their individual capacities.

The Court also finds that Ruiz has not shown "good cause" under Rule 4(m) for his failure to serve Defendants in their individual capacities. Fed. R. Civ. P. 4(m); see Peters v. United

States, 9 F.3d 344, 345 (5th Cir. 1993) (per curiam) ("To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." (quotation marks omitted)).

In spite of Ruiz's failure to properly serve the Defendants in their individual capacities, the Court will exercise its "broad discretion" under Rule 4(m) to extend the time for service to thirty days from the entry of this order. See Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007) (Rule 4(m) "permits the district court to grant an extension even in the absence of good cause." (emphasis omitted)). "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." Id. at 1041 (quotation marks omitted).

Here, Ruiz faces the possibility that even if the Court dismissed without prejudice, his suit, or at least part of it, against Defendants in their individual capacities would be barred by the statute of limitations.[2] It is also likely that the Defendants had actual notice of the lawsuit: Even though they have

---

[2] The Court's exercise of its discretion obviates the need to decide the issue of whether R.I. Gen. Laws 1956 § 9-1-22 ("the savings statute") would apply if Ruiz's complaint were dismissed. See Furtado v. Laferriere, 839 A.2d 533, 535 (R.I. 2004).

6

thus far only been represented in their official capacities, Defendants have answered Ruiz's complaint, and engaged in discovery. It would therefore be difficult to credit an assertion by Defendants that they were unaware of the suit, or that they were unaware they had been sued in their individual capacities; indeed, in the case caption on the first page of their answer, Defendants note that Ruiz has named them as defendants "each individually and in their official capacities." (ECF No. 21); cf. Coleman v. Milwaukee Bd. of Sch. Dirs., 290 F.3d 932, 934 (7th Cir. 2002) (opining that "most district judges probably would exercise lenity and allow a late service" under Rule 4(m) where "it is quite likely that the defendant received actual notice of the suit within a short time after the attempted service, and where moreover dismissal without prejudice has the effect of dismissal with prejudice because the statute of limitations has run since the filing of the suit").

III. Conclusion

As set out above, Ruiz's motion (ECF No. 35) is DENIED IN PART AND GRANTED IN PART. He has thirty days from the date of this order to properly effectuate service on Defendants in their individual capacities.

IT IS SO ORDERED.

/s/ WESmith
William E. Smith, Chief Judge
Date: January 22, 2018