UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                        )
GENARO RUIZ,                            )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )          C.A. No. 16-507 WES
                                        )
STATE OF RHODE ISLAND, RHODE ISLAND     )
STATE POLICE; CITY OF PROVIDENCE, by    )
and through its Treasurer, J.           )
Lombardi, III, alias; TOWN OF           )
JOHNSTON, by and through its            )
Treasurer, Joseph Chiodo, alias;        )
CITY OF CENTRAL FALLS, by and           )
through its Director of Finance,        )
Cynthia Dejesus, alias; and HERBERT     )
D. TILSON, alias; PETER DUHAMEL,        )
alias; DEREK G. MELFI, alias; CHRIS     )
SCHRAM, alias, each individually and    )
in their official capacities as         )
police officers in the Rhode Island     )
State Police; and OMAR A. OSPINA,       )
alias, individually and in his          )
official capacity as an Officer in      )
the Central Falls Police Department;    )
WILLIAM DEMERS, alias, individually     )
and in his official capacity as an      )
Officer in the Johnston Police          )
Department; NICHOLAS LUDOVICI,          )
alias, individually and in his          )
official capacity as an Officer in      )
the Providence Police Department;       )
and STEVEN G. O'DONNELL, alias, in      )
his official capacity as the            )
Superintendent of the Rhode Island      )
State Police and the Commissioner of    )
the Rhode Island Department of          )
Public Safety,                          )
                                        )
          Defendants.                   )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court are Defendants Rhode Island State Police Troopers Herbert Tilson, Derek Melfi, and Chris Schram's (collectively "Defendants") Motion to Amend Order to Allow for Interlocutory Appeal or Alternatively, for Reconsideration (ECF No. 53) of the Court's Order (ECF No. 48) on Plaintiff's Motion for Default Judgment (ECF No. 35), and a Motion to Dismiss (ECF No. 55) Plaintiff Genaro Ruiz's Complaint (ECF No. 1). The Motions are denied.

I.  Background

According to Plaintiff's Complaint, on September 11, 2013, while returning from getting groceries at a local bodega, Plaintiff spotted a delivery package on the porch of the three-family home where he lived. (Compl. ¶¶ 19, 23, 27.) Plaintiff, assuming the package was for one of his neighbors, set down his groceries and moved the box into the building's shared entryway. (Id. at ¶¶ 29-31.) As Plaintiff was reentering the building after retrieving his grocery bag, Defendant Tilson, who failed to identify himself as a police officer, grabbed his neck from behind and shoved him "so hard he fell toward the stairs inside the hallway." (Id. at ¶¶ 32-35.) Due to Plaintiff's previous encounters with robberies, he believed he had once again become the victim of a street crime, and attempted to run out the door onto the porch, where Tilson

slammed him into the porch floor and punched him in both the ribs and forehead. (Id. at ¶¶ 36-38.) Troopers Melfi and Schram joined in on the attack. (Id. at ¶ 39.) Melfi kicked and broke Plaintiff's nose. (Id. at ¶ 41.) Plaintiff was arrested and charged with multiple felonies, including "Assault on a Police Officer, Injury Resulting (R.I.G.L § 11-5-5)" and "Possession of Heroin (R.I.G.L. § 21-28-401.1(A)(1))," which were ultimately dismissed, but not until eighteen months later. (Id. at ¶¶ 48, 68, 85.)

On September 9, 2016, just beating the statute-of-limitations deadline, Plaintiff brought a civil action against the individual Defendants engaged in the fracas, as well as the State of Rhode Island, Rhode Island State Police, among others. (Id. at ¶¶ 1, 3.) Plaintiff attempted to serve Defendants in both their individual and official capacities, and "Assistant Attorney General Michael W. Field accepted service on behalf of the Defendants, but noted on the summonses that he was doing so for the Defendants['] . . . 'official capacity only.'" (Mem. and Order 2 (quoting Tilson Summons, ECF No. 6).) Realizing on June 28, 2017 that Defendants were not properly served in their individual capacities, Plaintiff sent correspondence in an effort to remedy the situation. (Pl.'s Mem. in Opp'n to Defs.' Mot. to Amend or Recons. Order ("Pl.'s Obj. Amend") 2, ECF No. 58.) After failing to resolve the dispute with opposing counsel, Plaintiff filed a

Motion for Default Judgment, or in the Alternative Extension of Time to Serve. (Id.) The Court denied the Motion for Default, but exercised its discretion under Rule 4(m) of the Federal Rules of Civil Procedure to extend Plaintiff's time to serve thirty days from the date of the order. (See Mem. and Order 2.) One would think that would have been the end of this service-of-process dust-up; but, it was not to be. Defendants press on, urging this Court to either change its mind, or to allow them to march up to the Court of Appeals with their grievance. The answer is no, just as before.

## II. Discussion

### A. Interlocutory Appeal

Generally, the Court of Appeals has jurisdiction to hear appeals from the final decisions of district courts. See Atrion Networking Corp. v. Marble Play, LLC, 31 F. Supp. 3d 357, 359 (D.R.I. 2014) (citing 28 U.S.C. § 1291 (1982)). However, "28 U.S.C. § 1292(b) provides a limited exception whereby district courts may authorize interlocutory appeals of decisions that do not otherwise qualify as 'final.'" Id. When pursuing interlocutory review, a party must show the district court's ruling: "(1) 'involves a controlling question of law,' (2) 'to which there is substantial ground for difference of opinion,' and (3) 'that an immediate appeal from the order may materially advance

the ultimate termination of the litigation.'" Id. (quoting Cummins
v. EG & G Sealol, Inc., 697 F. Supp. 64, 68 (D.R.I. 1988)).

The First Circuit has repeatedly warned district courts that
"interlocutory certification under 28 U.S.C. § 1292(b) should be
used sparingly and only in exceptional circumstances." Caraballo-
Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005).
And district courts have heeded this warning. See, e.g., Atrion,
31 F. Supp. 3d at 359 (reasoning the wide use of certification
would clog the courts); Cummins, 697 F. Supp. at 66 (stating
certification should "be granted only in very rare cases").

First, Defendants need to show the Order addressed a
"controlling question of law." See 28 U.S.C. § 1292(b). This
Court has previously defined a controlling question as "serious to
the conduct of the litigation, either practically or legally," and
identified an uncontrolling question as one where "litigation
would be conducted in much the same manner regardless of the
disposition of the question upon appeal." Atrion, 31 F. Supp. 3d
at 359 (quoting Bank of N.Y. v. Hoyt, 108 F.R.D. 184, 188-89
(D.R.I. 1985)). However, "the statutory language naturally
suggests an opposition between a question of law and a 'question
of fact or matter of discretion for the trial court.'" 16 Charles
Alan Wright & Arthur R. Miller, Federal Practice and Procedure
§ 3930 (3d ed. 2018) (emphasis added). Defendants argue that the
controlling legal question in the Order was "whether Defendants in

their individual capacities are parties to the case." (Defs.'
Mem. in Supp. of Mot. to Amend Order or Mot. for Recons. ("Defs.'
Mem.") 4, ECF No. 53-1.) Plaintiffs, on the other hand, correctly
contend that the proper question was "whether [the Court] chose to
use its broad discretion to extend time for service." (Pl.'s Obj.
Amend 5.)

It is beyond cavil to suggest that this Court's previous
decision to allow additional time for service was anything other
than a discretionary one. (See Mem. and Order 6 ("Rule 4(m)
'permits the district court to grant an extension even in the
absence of good cause.'" (quoting Efaw v. Williams, 473 F.3d 1038,
1040 (9th Cir. 2007)))). And it would be a fool's errand — and an
abuse of my discretion — to certify an interlocutory appeal on
this issue. "A district court should refuse to certify such
matters [that lie within the discretion of the district court],
not only because of the low probability of reversal, but also
because the recognition of discretion results from a studied
determination that appellate courts generally should not
interfere." Wright & Miller, supra, at 5 (noting "[a]ppellate
courts frequently note the inappropriateness of interlocutory
review of most discretionary orders"); see also J.C. Trahan
Drilling Contractor, Inc. v. Sterling, 335 F.2d 65, 66-67 (5th
Cir. 1964) (denying an interlocutory appeal because it concerned
an issue of judicial discretion, not a controlling legal question);

Gilmore v. Stalder, No. 06-1509, 2007 WL 3036415, at *1 (W.D. La. Oct. 11, 2007) (deeming improper certification of the order to enlarge time for service, because, rather than a question of controlling law, it involved a discretionary matter).  Enough is enough.  Defendants' Motion to Amend is denied.

        2.   Motion to Reconsider

Defendants' fallback position is to ask for reconsideration under Rule 59(e).  Not surprisingly, this pitch fares no better.  "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'"  Palmer v. Champion Mortg., 465 F.3d 24, 29-30 (1st Cir. 2006) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (3d ed. 2018) [hereinafter Wright & Miller § 2810.1]).  The four grounds on which the Court may grant a Rule 59(e) motion are:  (1) "manifest errors of law or fact," (2) "newly discovered or previously unavailable evidence," (3) "manifest injustice," and (4) "an intervening change in controlling law."  Markel Am. Ins. v. Diaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012); Wright & Miller § 2810.1, supra, at 7.

Defendants do not allege that there is newly discovered evidence or an intervening change in controlling law.  (See generally Defs.' Mem.)  Further, a Rule 59(e) motion is "not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected."  Palmer, 465 F.3d at

30 (denying a plaintiff's motion to reconsider that reiterated the same arguments and claimed the court "overlooked" them). Defendants argue that the Court did not consider the possibility of prejudice, then simply restate their previous argument against extending service. (Compare Defs.' Mem., with Defs.' Obj. to Pl.'s Mot. for Default or Mot. for an Extension of Service, ECF No. 38.) It is beyond obvious that allowing more time to serve the Defendants individually — and avoiding the statute of limitations bar — is prejudicial to Defendants. That fact was not lost on the Court. Indeed, this was the whole point of the fight. If there was no prejudice, Plaintiff could simply refile his action and effect proper service. Because Defendants' argument is no more persuasive now than it was when the Court first considered and rejected it, the Motion to Reconsider is denied.

B.    Defendant's Motion to Dismiss

Defendants also renew their Motion to Dismiss on personal-jurisdiction and insufficient-service-of-process grounds. There is no need to gild the lily — the new motion fails for all the reasons previously discussed.

Accordingly, Defendants' Motion to Dismiss for insufficient service of process and lack of personal jurisdiction is DENIED.

III. Conclusion

For the above reasons, the Court DENIES Defendants' Motion to Amend Order or Alternatively, Motion for Reconsideration (ECF No. 53), and Defendants' Motion to Dismiss (ECF No. 55).

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date:  August 1, 2018