```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                      )
GENARO RUIZ,                          )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )     C.A. No. 16-507 WES
                                      )
STATE OF RHODE ISLAND, RHODE ISLAND   )
STATE POLICE; CITY OF PROVIDENCE, by  )
and through its Treasurer, J.         )
Lombardi, III, alias; TOWN OF         )
JOHNSTON, by and through its          )
Treasurer, Joseph Chiodo, alias;      )
CITY OF CENTRAL FALLS, by and         )
through its Director of Finance,      )
Cynthia Dejesus, alias; and HERBERT   )
D. TILSON, alias; PETER DUHAMEL,      )
alias; DEREK G. MELFI, alias; CHRIS   )
SCHRAM, alias, each individually and  )
in their official capacities as       )
police officers in the Rhode Island   )
State Police; and OMAR A. OSPINA,     )
alias, individually and in his        )
official capacity as an Officer in    )
the Central Falls Police Department;  )
WILLIAM DEMERS, alias, individually   )
and in his official capacity as an    )
Officer in the Johnston Police        )
Department; NICHOLAS LUDOVICI,        )
alias, individually and in his        )
official capacity as an Officer in    )
the Providence Police Department;     )
and STEVEN G. O'DONNELL, alias, in    )
his official capacity as the         )
Superintendent of the Rhode Island    )
State Police and the Commissioner of  )
the Rhode Island Department of        )
Public Safety,                        )
                                      )
          Defendants.                 )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiff's Motion to Compel Discovery ("Motion") (ECF No. 56). Plaintiff's Motion is DENIED.

I. Discussion[1]

Confidential government surveillance information is subject to a qualified privilege, which "can be overcome by a sufficient showing of 'need.'" United States v. Cintolo, 818 F.2d 980, 1002 (1st Cir. 1987) (quoting United States v. Van Horn, 789 F.2d 1492, 1508 (11th Cir. 1986)). In the First Circuit, this privilege further extends to "law enforcement techniques and procedures." Puerto Rico v. United States, 490 F.3d 50, 64 (1st Cir. 2007) (quoting In re Dep't of Investigation of N.Y., 856 F.2d 481, 484 (2d Cir. 1988)); see also Ass'n for Reduction of Violence v. Hall, 734 F.2d 63, 65-66 (1st Cir. 1984) (recognizing that federal case law identifies a qualified privilege for "documents that would tend to reveal law enforcement investigative techniques or sources").

"[T]his qualified privilege is subject to balancing the federal government's interest in preserving the confidentiality of sensitive law enforcement techniques against the requesting party's interest in disclosure." Puerto Rico, 490 F.3d at 64. An

---

[1] Relevant background facts are outlined in this Court's recent Memorandum and Order (ECF No. 68) with respect to Defendants' Motions to Amend and Dismiss.

in camera review "is a relatively costless and eminently worthwhile method to insure that the balance between one party's claims of irrelevance and privilege and the other's asserted need for the documents is correctly struck." Ass'n for Reduction of Violence, 734 F.2d at 66 (quoting Kerr v. U.S. Dist. Court, 426 U.S. 394, 405 (1977)).

The Court's in camera review of the Operational Plan has led it to conclude that it contains "sensitive law enforcement techniques" protected by the qualified privilege. See Puerto Rico, 490 F.3d at 64. The question then becomes whether Plaintiff "demonstrated an authentic 'necessity,' given the circumstances, to overbear the qualified privilege," such as "no adequate alternative means of getting at the same point." Cintolo, 818 F.2d at 1002. Plaintiff has not made such a showing. See id.

II. Conclusion

For the above reasons, Plaintiff's Motion to Compel (ECF No. 56) is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: August 1, 2018